OPINION
PER CURIAM.
Herbert McMillian appeals pro se from the order of the United States District Court for the District of Delaware denying his bankruptcy appeal, in which he alleged “bankruptcy crimes” in connection with his termination of employment with Trans World Airlines Inc. in 1979. The District Court denied the appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). We will affirm.
The parties are familiar with the background of the bankruptcy case. Although the Bankruptcy Court disallowed and expunged McMillian’s wrongful termination and denial of benefits claims in 2004, McMillian continually attempts to resurrect these claims whenever the opportunity arises in the Bankruptcy Court. Here, the TWA Post Confirmation Estate (“TWA Estate”) filed a motion to extend the term of the estate in 2008, which triggered a reply by McMillian. The title of his reply indicated that he opposed TWA Estate’s motion. Substantively, however, his reply addressed only the long disallowed and expunged claims, and sought a bankruptcy investigation into TWA Inc.’s alleged criminal activity. The Bankruptcy Court entered an order extending the estate term for one year. McMillian appealed to the District Court.
In support of his appeal in the District Court, McMillian raised essentially the same arguments about his wrongful termination and denial of benefits that he raised in his reply filed in the Bankruptcy *215 Court. McMillian also filed a motion to convene a grand jury to investigate TWA Inc.’s alleged crimes. The District Court concluded that McMillian’s Bankruptcy Court filings did not raise any meritorious challenge to the order appealed. Specifically, the District Court determined that McMillian’s opposition to the extension of the estate term merely restated claims that were previously adjudicated and disallowed in 2004. The District Court granted McMillian in forma, pauperis status, denied his motion for a grand jury, and denied his appeal as frivolous under § 1915(e)(2)(B) because it lacked an arguable basis in law and in fact. McMillian filed this timely appeal.
The District Court had jurisdiction to review the Bankruptcy Court’s order pursuant to 28 U.S.C. § 158(a), and we have jurisdiction to review the District Court’s order under 28 U.S.C. §§ 158(d) and 1291. Our review of the District Court’s determination is plenary. See Kool, Mann, Coffee & Co. v. Coffey, 300 F.3d 340, 353 (3d Cir.2002).
Upon thorough review of McMillian’s brief on appeal, we conclude that his appellate arguments, which reiterate his previously disallowed and expunged claims and renew his request for a criminal investigation, are meritless. We agree with the District Court’s analysis and conclusion that McMillian’s appeal from the Bankruptcy Court order extending the term of the estate lacked arguable basis in law or fact. Hence, the District Court properly denied his appeal and his motion for a grand jury.
Accordingly, we will affirm the judgment of the District Court. McMillian’s motions for grand and petit juries and to expand the, record are denied.